UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 3 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| United States Treasury Department ex rel J. Trent Mosby, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09 0352 ) ) |
| Duke Terrell *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the complaint for lack of subject matter jurisdiction.[1]

Plaintiff is a prisoner at the Federal Medical Center in Rochester, Minnesota, suing under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* He alleges that Bureau of Prisons Director Harley Lappin and BOP official Duke Terrell have stolen from the Crime Victims Fund by allegedly lying about the amounts deposited to the Fund under 18 U.S.C. § 4048(g), governing the allocation of monies generated from fees prisoners pay for health care services.

The FCA authorizes private persons to bring actions in the name of the Government against persons who have violated § 3729 by either filing a false claim or having defrauded the Government with respect to claims or Government property in certain other ways. *See* 31 U.S.C. § 3730(b). But "[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of . . . transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).



5

investigation, or from the news media, unless the . . . the person bringing the action is an original source of the information." § 3730(e)(4)(A). "'[O]riginal source' means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." § 3730(e)(4)(B). The original source's knowledge must be "firsthand." *U.S. ex rel. Davis v. District of Columbia*, ___ F. Supp.2d. ___ , 2008 WL 5332817 * 3 (D.D.C., Dec. 23, 2008).

Plaintiff's claim is based on annual reports the BOP Director is required to provide Congress under 18 U.S.C. § 4048(k) that he obtained through the Freedom of Information Act. Compl. at 4. Because plaintiff has alleged no first-hand knowledge about the preparation of the reports, he cannot possibly qualify as an original source. *See Rockwell Intern. Corp. v. U.S.*, 594 U.S. 457, 127 S.Ct. 1397, 1405 (2007); *U.S. ex rel. Davis*, 2008 WL 5332817 * 3 ("Knowledge is 'direct' if it is acquired through the relator's own efforts (*i.e.*, without an intervening agency) . . . . Knowledge is 'independent' if the relator would have had it absent the public disclosure.") (*quoting United States ex rel. Springfield Terminal Rwy. Co. v. Quinn*, 14 F.3d 645, 656 (D.C. Cir. 1994)). Thus, the Court lacks jurisdiction over this action, which, in any event, cannot be prosecuted *pro se*. *See U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) ("[T]he same policy that forbids litigants . . . to be represented by nonlawyers. . . is applicable to qui tam suits." (citation omitted); *accord U.S. ex rel. Fisher v. Network Software Associates, Inc.*, 377 F. Supp.2d 195 (D.D.C. 2005); *U.S. ex rel. Rockefeller v. Westinghouse Electric Co.*, 274 F. Supp.2d 10 (D.D.C. 2003). Accordingly, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: January 14, 2009

_____
United States District Judge